UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| SOUTH EDGE LLC, | ) | |
| | ) | 2:11-CV-00240-PMP-RJJ |
| Appellant, | ) | 2:11-CV-00301-PMP-RJJ |
| | ) | |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A.; | ) | ORDER |
| CREDIT AGRICOLE CORPORATE AND | ) | |
| INVESTMENT BANK; WELLS FARGO | ) | |
| BANK, N.A.; AND U.S. TRUSTEE, | ) | |
| | ) | |
| Appellees. | ) | |

Presently before the Court is the Emergency Motion for Leave to Intervene in Appeal (Doc. #6), filed on February 21, 2011, by proposed intervenors KB Home Nevada Inc., Coleman-Toll Limited Partnership, Pardee Homes of Nevada, Meritage Homes of Nevada, Inc., and Beazer Homes Holding Corp. (the "Builder Members"). Appellees JPMorgan Chase Bank, N.A. ("JPMorgan") and Credit Agricole Corporate and Investment Bank ("Credit Agricole") filed Oppositions (Doc. #19, #20) on February 24, 2011. The Chapter 11 Trustee, Cynthia Nelson, filed a Joinder to JPMorgan's Opposition (Doc. #36) on March 8, 2011. JPMorgan filed a Reply (Doc. #56) on March 31, 2011.

Also before the Court is the Trustee's Motion to Dismiss Appeals of Order of Relief and Order Directing Appointment of Chapter 11 Trustee (Doc. #33) with supporting declaration (Doc. #34), filed on March 4, 2011. Appellee JPMorgan filed a Joinder (Doc. #39) on March 15, 2011. Appellee Credit Agricole filed a Response (Doc. #41) on March 16, 2011. Appellant South Edge, LLC filed an Opposition (Doc. #43) and Evidentiary Objections (Doc. #44) on March 21, 2011. Proposed intervenors Builder Members filed an

Opposition (Doc. #46) on March 21, 2011.  Appellee JPMorgan filed a Reply (Doc. #56) on March 31, 2011.  The Trustee filed a Reply (Doc. #62) with supporting declaration (Doc. #63), and Response to Evidentiary Objections (Doc. #61) on April 4, 2011.  The Trustee filed a Request for Hearing on Trustee's Motion to Dismiss Appeals (Doc. #68) on April 6, 2011.

**I.  BACKGROUND**

This is an appeal from an involuntary petition for bankruptcy filed against the Debtor, Appellant South Edge, LLC ("South Edge").  In December 2010, three of South Edge's creditors, JPMorgan, Credit Agricole, and Wells Fargo Bank, N.A., filed an involuntary chapter 11 petition against South Edge and filed a motion seeking appointment of a chapter 11 trustee.  South Edge opposed the petition and the motion for appointment of a trustee.  The Bankruptcy Court held a four-day evidentiary hearing on the matter in late January and early February 2011.  (Notice of Appeal (Doc. #2),[1] Ex. 1.)  On February 3, 2011, the Bankruptcy Court entered an Order of Relief, granting relief under chapter 11 against South Edge.  (Id.)  The Bankruptcy Court also entered an Order Directing Appointment of Chapter 11 Trustee, directing the United States Trustee to appoint an independent trustee for South Edge.  (Notice of Appeal, Ex. 2.)

On February 11, 2011, South Edge filed a Notice of Appeal.  (Notice of Appeal.)  On February 21, 2011, Builder Members filed an Emergency Motion for Leave to Intervene in Appeal (Doc. #6).  On February 23, 2011, Builder Members filed a Notice of Appeal of their own.  (Notice of Appeal (Doc. #1 in 2:11-CV-00301-PMP-RJJ).)

On February 20, 2011, the U.S. Trustee appointed Cynthia Nelson as Trustee for South Edge.  (Statement of the Chapter 11 Trustee, Cynthia Nelson (Doc. #17).)  On February 24, 2011, the Trustee filed a Statement with this Court requesting the Court not to

---

[1] Docket numbers refer to 2:11-CV-00240-PMP-RJJ unless otherwise indicated.

proceed further on this appeal until she could review the matter and decide what action to take with respect to the appeal. (Id.) In the meantime, JPMorgan and Credit Agricole opposed the Builder Members' motion to intervene.

The Court vacated the appellate briefing schedule to permit the Trustee time to review the matter and decide whether to pursue South Edge's appeal. (Order (Doc. #22).) The Trustee thereafter moved to dismiss the appeals brought by South Edge and by Builder Members. Generally, the Trustee argues she is the only person authorized to bring an appeal on South Edge's behalf, and she has determined such an appeal is not in South Edge's best interests. The Trustee further contends the Builder Members lack standing to appeal in their own right because they did not object to the motion to appoint a trustee below. South Edge and Builder Members oppose the motion to dismiss and Builder Members move to intervene in South Edge's appeal, generally contending a debtor always has a right to defend itself against an involuntary petition and, in any event, Builder Members are persons aggrieved entitled to appeal in their own right.

## II. DISCUSSION

### A. Trustee's Motion to Dismiss Appeal (Doc. #33)

The Trustee moves to dismiss the appeals by South Edge and Builder Members, arguing that only the Trustee has the power to pursue an appeal on behalf of South Edge. The Trustee also contends that Builder Members have no basis to appeal the Order of Relief in their own right, as only the Debtor may oppose an involuntary bankruptcy petition. The Trustee further contends that while the Builder Members could have opposed and then appealed the Order Directing Appointment of Chapter 11 Trustee, Builder Members chose not to oppose that motion in their individual capacities, chose not to seek a stay of that order, and thus may not now raise their individual interests for the first time on appeal. Finally, the Trustee argues Builder Members are not entitled to appeal as "persons aggrieved" because they hold out-of-the-money equity interests and claims which are so

deeply underwater that there is no possibility of any of their pecuniary interests being affected.

South Edge and Builder Members respond that South Edge as Debtor retains an independent right of self defense to appeal an order granting an involuntary bankruptcy petition regardless of the appointment of a trustee. South Edge and Builder Members also argue there is a difference between the estate, which is controlled by the Trustee, and the debtor out-of-possession, which is not, and the debtor out-of-possession owns the post-petition right to appeal an order granting an involuntary petition. South Edge and Builder Members further contend that allowing the Trustee the sole power to decide whether to appeal the order directing her own appointment is circular and likely unconstitutional because it would insulate an Article I judge's ruling on an involuntary petition from review by an Article III judge, including for some issues which would be subject to de novo review. South Edge and Builder Members contend the motion to dismiss itself is proper only if the Trustee validly was appointed, and that question is the subject of the appeal. South Edge and Builder Members distinguish the authority upon which the Trustee relies on various grounds, and contend that their appeal notice divested the Bankruptcy Court of jurisdiction over any matter that is the subject of the appeal, including the appointment of the Trustee. Builder Members argue that in the event the Court concludes only the Trustee may pursue the appeal on South Edge's behalf, they ought to be permitted to intervene.

### 1.  South Edge's Appeal (2:11-CV-00240-PMP-RJJ)

Under certain conditions, creditors may commence an involuntary bankruptcy case by filing a petition under chapter 11. 11 U.S.C. § 303(a)-(b). Commencement of a case creates a bankruptcy estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." Id. § 541(a)(1). The bankruptcy estate also includes all "[p]roceeds, product, offspring, rents, or profits of or from property of the estate," and "[a]ny interest in property that the estate acquires after the commencement of

the case." Id. § 541(a)(6)-(7). Property interests include "tangible or intangible causes of action." In re Chappel, 189 B.R. 489, 493 (9th Cir. BAP 1995).

The bankruptcy court is empowered to appoint a trustee for the bankruptcy estate after the case commences. 11 U.S.C. § 1104. Upon appointment, the trustee becomes the representative of the estate, and has the capacity to sue and be sued. Id. § 323. If a trustee is appointed, "the trustee is substituted automatically for the debtor in possession as a party in any pending action, proceeding, or matter." Fed. R. Bankr. P. 2012. Additionally, the trustee "may operate the debtor's business," unless the bankruptcy court orders otherwise. 11 U.S.C. § 1108. Thus, upon appointment of a trustee in a chapter 11 corporate reorganization, "the appointment of a trustee divests the management of the debtor of authority to execute its former role as head of the debtor," and the debtor acts through the trustee's authority. In re Fid. Am. Fin. Corp., 63 B.R. 995, 998 (Bankr. E.D. Pa. 1986). The trustee, in turn, acts as a fiduciary, and in chapter 11 cases, owes duties to the equity holders as well as to the creditors. Biltmore Assocs., LLC v. Twin City Fire Ins. Co., 572 F.3d 663, 673 (9th Cir. 2009). If the trustee violates those duties, or other grounds exist, the bankruptcy court may remove the trustee for cause. 11 U.S.C. § 324(a). "At any time before confirmation of a plan, . . . the court may terminate the trustee's appointment and restore the debtor to possession and management of the property of the estate and of the operation of the debtor's business." Id. § 1105.

The debtor may file an answer to an involuntary bankruptcy petition. 11 U.S.C. § 303(d); Fed. R. Bankr. P. 1011. Because an order for relief adjudicating a debtor's status as bankrupt "effectively divests the debtor of his assets, creating an estate controlled by the bankruptcy court," the order is subject to immediate appeal due to its "great potential for irreparable injury if immediate appeal is not allowed." In re Mason, 709 F.2d 1313, 1317 (9th Cir. 1983).

///

Although the debtor has standing to appeal an order for relief in an involuntary bankruptcy, the United States Court of Appeals for the Ninth Circuit has not addressed whether a corporate debtor in a chapter 11 involuntary case has the authority to appeal through its ousted management where a trustee has been appointed and objects to the ousted management bringing an appeal on the debtor's behalf.  The parties have been able to locate only one circuit which directly has addressed this question.  See In re C.W. Mining Co., --- F.3d ----, 2011 WL 490666, *1 (10th Cir. Feb. 14, 2011).

In C.W. Mining, creditors commenced an involuntary chapter 11 proceeding against the debtor. Id. at *1.  The case was converted to a chapter 7 liquidation, and a chapter 7 trustee was appointed without objection by the debtor. Id.  The debtor's former managers appealed to the Bankruptcy Appellate Panel ("BAP") on the debtor's behalf. Id. The trustee moved to dismiss the appeal, contending that the former managers could not bring an appeal on the debtor's behalf over the trustee's objection. Id.  The Tenth Circuit BAP concluded that the former managers could bring the appeal because "[a] putative debtor must have standing to bring a bankruptcy court's involuntary order for relief before an appellate court." Id. (quotation omitted).

The Tenth Circuit reversed the BAP's ruling that the managers could bring the appeal on the debtor's behalf. Id. at *2.  The Tenth Circuit assumed the debtor had standing to appeal as a person aggrieved, but the question was not whether the debtor had standing to appeal, but whether the former managers had the authority to appeal on the debtor's behalf. Id. at *2-3. Because the debtor was a corporation, it could act "only through its authorized agents." Id. at *3.  Once a trustee was appointed over a corporate debtor, the trustee "assumes control of the business, and the debtor's directors are 'completely ousted.'" Id. at *4 (quoting Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352-53 (1985)). "'In contrast, the powers of the debtor's directors are severely limited.  Their role is to turn over the corporation's property to the trustee and to provide certain information to

6

the trustee and to the creditors.'"  Id. (quoting Weintraub, 471 U.S. at 352-53).  The Tenth Circuit thus concluded that the debtor's former managers could not "usurp the corporation's right to appeal, which may be exercised by the trustee alone."  Id. (emphasis omitted).

However, the Tenth Circuit noted three "limits" on its holding.  Id. at *7.  First, the Tenth Circuit clarified that there are times when a bankrupt corporation's managers may appeal on the corporation's behalf.  Id.  For example, because control of a corporation remains with its managers before a trustee is appointed, the managers could appeal on the debtor's behalf prior to appointment of a trustee.  Id.  The Tenth Circuit also noted that a chapter 11 bankruptcy trustee "has a much different role than in Chapter 7," and a chapter 11 trustee "takes up the fiduciary duties of the former managers and has an interest in reorganizing the bankruptcy estate for the shareholders as well as the creditors."  Id.  The Tenth Circuit noted that the former managers also could have appealed conversion of the chapter 11 case to a chapter 7 case, but they could not "atone" for their failure to appeal the conversion "by appealing other determinations over a trustee's objection."  Id.

Second, the rule in C.W. Mining does not apply to individuals in chapter 7 bankruptcy.  Id.  Third, the Tenth Circuit noted that former managers could appeal a bankruptcy court order "in their own right" if they qualified as persons aggrieved.  Id. at *8. However, such an appeal "must be brought on their own behalf, not on behalf of [the debtor]."  Id.

South Edge, through its former managers the Builder Members, urges the Court not to adopt C.W. Mining because it is not binding authority, and it conflicts with Ninth Circuit cases which have permitted debtors to appeal to preserve their right of self defense in an involuntary case.  However, the cases upon which South Edge relies do not raise the issue presented here.  The Ninth Circuit, and other courts, have permitted debtors to appeal even where a trustee has been appointed, and thus implicitly found the debtor had standing to appeal. However, as the C.W. Mining Court points out, the question is not whether the

7

debtor has standing to challenge an order granting relief adjudicating it a bankrupt. The question is who may decide whether to bring that appeal on the debtor's behalf. None of the cases South Edge cites involves a situation where the trustee challenged the former managers' authority to bring the appeal on the debtor's behalf. The Ninth Circuit has never squarely addressed the issue. The Court concludes that if the Ninth Circuit did address the issue, it would follow the reasoning in the Tenth Circuit's opinion in C.W. Mining.

South Edge contends that even if C.W. Mining applies, that case itself recognizes exceptions which would apply to South Edge. Specifically, South Edge contends that C.W. Mining noted a difference between chapter 7 and chapter 11 bankruptcies, that the managers can appeal before a trustee is appointed as South Edge did here, and that former managers can appeal in their own right as persons aggrieved.

While the C.W. Mining Court noted the difference between chapter 7 and chapter 11 trustees, it did not state that former managers could bring an appeal over a chapter 11 trustee's objection. Instead, it noted that unlike chapter 7 trustees, chapter 11 trustees owe fiduciary duties to equity holders which may impact the decision whether to appeal in a way that a chapter 7 trustee would not have to consider. A chapter 11 trustee displaces former management just as a chapter 7 trustee does, and no basis exists to permit ousted management to appeal over the chapter 11 trustee's objection anymore than in a chapter 7 case.

As to the notion that the former managers could appeal prior to appointment of a trustee, that is a power of the debtor-in-possession, which South Edge exercised here prior to appointment of the Trustee. However, upon appointment, the Trustee was substituted for the debtor in all pending litigation as the real party in interest, and the authority to decide whether to continue to pursue the appeal on South Edge's behalf transferred from the debtor-in-possession to the Trustee.

///

Finally, the fact that the former managers may appeal in their own right does not impact the question of whether the former managers may appeal on South Edge's behalf. Whether the Builder Members here may intervene or appeal in their own right are separate questions from whether Builder Members may pursue the appeal on South Edge's behalf. Upon the Trustee's appointment, they no longer had that authority.

South Edge argues that the rule in C.W. Mining ignores the separateness of a debtor and its estate in the chapter 11 context. However, the rule in C.W. Mining does not ignore this principle. It merely recognizes that upon appointment, the trustee becomes the representative of the estate and may operate the debtor's business, subject to its fiduciary duties to both equity holders and creditors. Nor is the right to appeal post-petition property of the debtor. See 11 U.S.C. §§ 541(a)(6)-(7), 542(a); Martin v. Monumental Life Ins. Co., 240 F.3d 223, 232 (3d Cir. 2001) ("The right to appeal is part of the debtors' estates."). South Edge has not identified an available exemption for the right to appeal, nor has the trustee abandoned the authority to decide whether to pursue the appeal. See 11 U.S.C. §§ 522, 554(a).

South Edge's constitutional concerns, and the purported circularity of the Trustee's position, do not provide grounds for the Builder Members to appeal on South Edge's behalf. Permitting only the Trustee to pursue an appeal on South Edge's behalf does not deprive South Edge, the entity, of its right to appeal. Rather, it merely provides who may decide whether to pursue an appeal on South Edge's behalf. Although South Edge argues a trustee never will appeal the order granting relief, as that will undermine the trustee's own appointment in which the trustee has a pecuniary interest, such an argument presumes trustees will breach their fiduciary duties. To the extent South Edge has any evidence that the Trustee has breached her fiduciary duties by failing to pursue an appeal in this case, the proper remedy is to seek removal of the Trustee, not to pursue an appeal on South Edge's behalf. 11 U.S.C. § 324(a); Estate of Spirtos v. One San Bernardino County

Superior Court Case Numbered SPR 02211, 443 F.3d 1172, 1176 (9th Cir. 2006).

Further, any constitutional concerns regarding Article III review of the Article I judge's decisions are illusory. Former managers of a debtor may contest appointment of a trustee in the first place in an effort to remain the debtor-in-possession with the authority to appeal, may seek to stay and appeal any such order appointing a trustee, or may appeal in their own right as persons aggrieved. Such mechanisms of Article III review undercut any constitutional concerns. See Matter of Axona Int'l Credit & Commerce Ltd. (Formerly Bancom Int'l Ltd.), 924 F.2d 31, 35-36 (2d Cir. 1991).

Finally, South Edge argues that because it filed its notice of appeal after the order appointing the trustee, but before the Trustee was appointed, the notice of appeal divested the Bankruptcy Court of jurisdiction to enter the order appointing the Trustee. However, "[a]bsent a stay or supersedeas, the trial court . . . retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment." In re Padilla, 222 F.3d 1184, 1190 (9th Cir. 2000). The Bankruptcy Court's appointment of the Trustee implemented the prior order directing appointment of a trustee, did not alter or expand upon the judgment, and South Edge failed to request or obtain a stay or to post a bond. The Bankruptcy Court therefore was not divested of jurisdiction to appoint the Trustee by virtue of South Edge's notice of appeal. Such a rule would permit appellants to obtain a de facto stay of the appointment of a trustee without ever having to meet the requirements and burdens of obtaining a stay pending appeal. See In re Wymer, 5 B.R. 802, 806 (9th Cir. BAP 1980) (setting forth standards for obtaining stay pending appeal as likelihood of success on the merits, irreparable injury, lack of substantial harm to appellee, and lack of harm to the public interest); Fed. R. Bankr. P. 8005 (permitting court to condition stay pending appeal on filing of bond or other appropriate security).

The Court therefore will grant the Trustee's motion to dismiss the appeal filed by South Edge in 2:11-CV-00240-PMP-RJJ. The Court also will deny as moot the Builder

Members' motion to intervene in this appeal, as there no longer is an appeal in which Builder Members can intervene. United States v. Ford, 650 F.2d 1141, 1143 (9th Cir. 1981).

### 2. Builders' Appeal (2:11-CV-00301-PMP-RJJ)

Although the Trustee did not file a motion to dismiss in the Builder Members' separate appeal, by her motion in this case, the Trustee moves to dismiss that appeal. (Mot. to Dismiss (Doc. #33 in 2:11-CV-00240-PMP-RJJ) at 2 n.1.) The Trustee argues the Builder Members do not have standing to appeal the Order of Relief because only the Debtor has standing to challenge that order. The Trustee further argues the Builder Members had standing to challenge the order appointing the Trustee, but they waived their right to appeal by failing to formally appear separately below to challenge the order. The Trustee contends the Builder Members are not "persons aggrieved" with standing to appeal because they are out-of the money equity holders whose claims are hopelessly underwater. Builder Members respond they are persons aggrieved because they lost their management rights in South Edge and they are creditors of South Edge. Builder Members further contend that their failure to file separate briefs or a joinder below is not fatal to their appeal because their interests were aligned with and represented by South Edge.

Only a "person aggrieved" has standing to appeal an order of a bankruptcy court. Matter of Fondiller, 707 F.2d 441, 442-43 (9th Cir. 1983). A person is aggrieved if he is "directly and adversely affected pecuniarily by an order of the bankruptcy court." Id. at 442. Generally this requires a showing that the bankruptcy court's order diminished the person's property, increased his burdens, or detrimentally affected his rights. Id. "Prerequisites for being a 'person aggrieved' are attendance and objection at a bankruptcy court proceeding." In re Weston, 18 F.3d 860, 864 (10th Cir. 1994) (quotation omitted). However, attendance and objection may be excused under certain circumstances, such as where the person did not receive proper notice and an opportunity to be heard. In re Commercial W. Fin. Corp., 761

F.2d 1329, 1334-35 (9th Cir. 1985).

South Edge filed a notice of appearance in the bankruptcy proceedings below through counsel Klee, Tuchin, Bogdanoff & Stern LLP ("Klee") and The Schwartz Law Firm, Inc. ("Schwartz").  (Doc. #89 in Bankr. Pet. #10-32968-BAM.)  Builder Members filed notices of appearance in the bankruptcy proceedings through separate counsel.[2]  (Doc. #72, #77, #176 in Bankr. Pet. #10-32968-BAM.)  Builder Members also appeared through separate counsel at a status conference on December 13, 2010, and corporate representatives for Meritage Homes Corporation also were present.  (Doc. #131 in Bankr. Pet. #10-32968-BAM.)

In the bankruptcy proceeding, Focus South Group, LLC and Holdings Manager, LLC filed a motion to remove South Edge's counsel and to appoint a "responsible officer" to act on South Edge's behalf to determine if South Edge should oppose the involuntary petition.  (Doc. #139 in Bankr. Pet. #10-32968-BAM.)  South Edge, through Klee and Schwartz, opposed the motion.  (Doc. #172 in Bankr. Pet. #10-32968-BAM.)  Builder Members filed a joinder to South Edge's opposition.  (Doc. #177 in Bankr. Pet. #10-32968-BAM.)  The Bankruptcy Court denied this motion.  (Doc. #209 in Bankr. Pet. #10-32968-BAM.)

South Edge opposed the involuntary petition and moved to dismiss the case through Klee and Schwartz.  (Doc. #185, #188 in Bankr. Pet. #10-32968-BAM.)  South Edge also opposed JPMorgan's motion to appoint a trustee through Klee and Schwartz.  (Doc. #7, #206 in Bankr. Pet. #10-32968-BAM.)  Builder Members did not file any separate oppositions or motions, and did not file a joinder to South Edge's opposition to the involuntary petition, motion to dismiss, or opposition to the motion to appoint a trustee.

///

---

[2] The Court takes judicial notice of the bankruptcy court proceedings.  <u>In re Tuma</u>, 916 F.2d 488, 491 (9th Cir. 1990).

1    The Bankruptcy Court held a hearing on the petition, the motion to dismiss, and
2 the motion to appoint trustee on January 24 and 25, and February 2 and 3, 2011.  (Doc. #400
3 in Bankr. Pet. #10-32968-BAM).)  The record does not reflect that Builder Members
4 participated in the hearing.
5    Builder Members are not persons aggrieved because they did not object to the
6 motion to appoint a trustee, either directly or through joining South Edge's opposition.
7 Builder Members contend they did not do so because they did not anticipate the rule in C.W.
8 Mining, and therefore they concluded that filing "me too" briefs in the bankruptcy
9 proceedings would not be a wise use of resources.  However, Builder Members filed a
10 joinder to an earlier motion by Focus South Group, LLC which likewise sought to appoint a
11 "responsible officer" to decide whether South Edge would oppose the involuntary petition.
12 Builder Members thus knew they had interests separate from South Edge that required them
13 to attend and object, and they did so when they sought to protect those interests.
14    Further, filing a joinder to South Edge's opposition would not have been
15 burdensome, either to Builder Members or the Bankruptcy Court.  However, such a joinder
16 would have notified everyone involved that Builder Members objected in their own right
17 and were seeking to protect their interests, in addition to South Edge's interests.  South Edge
18 defended its use of counsel selected by Builder Members in part by assuring the Bankruptcy
19 Court that counsel would serve South Edge's interests rather than the Builder Members'
20 interests.  (Doc. #172, #201 in Bankr. Pet. #10-32968-BAM.)  South Edge is a separate legal
21 entity from Builder Members, and had separate legal representation below.  It does not
22 elevate form over substance to hold distinct legal entities to the consequences of legal
23 separateness.  Builder Members did not formally appear at the evidentiary hearing, did not
24 question any witnesses, and did not make any argument to the Bankruptcy Court regarding
25 appointment of a trustee.  Having failed to attend and object, Builder Members are not
26 persons aggrieved.

Builder Members argue the Court should overlook this failure when constitutional rights are implicated. However, the case upon which Builder Members rely stands for the unremarkable proposition that a person who received no notice or opportunity to be heard in the bankruptcy proceeding cannot be denied status as a person aggrieved due to a failure to attend and object. In re Commercial W. Fin. Corp., 761 F.2d at 1335. Such a rule would implicate due process concerns. Here, in contrast, Builder Members filed notices of appearance in the bankruptcy proceedings, filed a joinder to another opposition, and were well aware of the pending motions and evidentiary hearing. They chose not to join in South Edge's opposition, file their own opposition, or otherwise participate in the briefing or hearing.

Having failed to attend and object below, Builder Members are not persons aggrieved entitled to appeal in their own right. The Court therefore will grant the Trustee's motion to dismiss the Builder Members' appeal.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the Emergency Motion for Leave to Intervene in Appeal (Doc. #6) is hereby DENIED.

IT IS FURTHER ORDERED that the Request for Hearing on Trustee's Motion to Dismiss Appeals (Doc. #68) is hereby DENIED.

IT IS FURTHER ORDERED that the Trustee's Motion to Dismiss Appeals of Order of Relief and Order Directing Appointment of Chapter 11 Trustee (Doc. #33) is hereby GRANTED.

IT IS FURTHER ORDERED that the appeals in 2:11-CV-00240-PMP-RJJ and 2:11-CV-00301-PMP-RJJ are hereby DISMISSED.

DATED: April 28, 2011

_____
PHILIP M. PRO
United States District Judge